**Gilberto S. PESQUERA**
v.
**The UNITED STATES.**
No. 317–54.

United States Court of Claims.
Jan. 31, 1956.

Calvin H. Childress, Arlington, Va., for plaintiff. Frederick W. Shields and King & King, Washington, D. C., were on the briefs.

Frances L. Nunn, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff sues for the special pay which he alleges is due him under Section 203 of the Career Compensation Act of 1949, as amended.[1]

By the terms of this act medical officers who, during the period in question, volunteered and were accepted for ex-tended active duty of one year or longer were entitled to $100 per month in addition to the regular pay.

Plaintiff was a commissioned officer in the United States Army Reserve Medical Corps. By Department of the Army orders dated October 12, 1951, he, with his consent, was ordered into active duty for a period of six months effective October 22, 1951. The original orders were amended on March 4, 1952, to make them read eight months' instead of six months' active service. Such orders were again amended on June 10, 1952, to make them read 17 months, and in March 1953 the orders were again amended to read 19 months, with separation date May 21, 1953.

The House report on the legislation states that "The extra $100 per month for doctors and dentists is continued because of the critical shortage of such personnel in the uniformed services."

The Surgeon General in testifying before the House Committee used the following language:

"Now to come back to the $100 a month and who gets it. We had written into our bill the man who volunteers for extended Federal active duty for a period of 1 year or longer. We thought that he should volunteer for a year's service before we pay the $100. * * *"

The original orders for six months' active service did not meet the requirements, nor did the first amendment extending it to eight months. The second amendment extended the active service period to 17 months, and the third amendment extended the period of active service to 19 months with final separation date of May 21, 1953.

It is defendant's position that since neither the original orders nor any single amendment covers a period of more than a year the plaintiff has not met the statutory requirement and is not entitled to any incentive pay. The plaintiff on the other hand urges that since

1. 63 Stat. 809; 64 Stat. 828; 66 Stat. 156; 67 Stat. 89, 37 U.S.C.A. § 234.

the original orders were amended in each instance the plaintiff is entitled to incentive pay for the entire period.

We find that from and after the second amendment the conditions of the statute were met and that a reasonable interpretation of the statute calls for payment of the incentive pay after that date.

The plaintiff on his own written request was permitted to continue in the service an additional two months after the separation date of May 21, 1953, for the stated purpose of hospitalization and to acquire disability retirement advantages under the Career Compensation Act of 1949, supra. None of the reasons for the incentive pay could apply to that period.

The defendant's motion for summary judgment is denied, and the plaintiff's motion is granted in part.

The plaintiff is entitled to recover incentive pay for the period from June 10, 1952, to May 21, 1953.

Judgment will be suspended pending a report from the General Accounting Office showing the amount due in accordance with this opinion.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.